### NICHOLSON's Lessee *v.* WALLIS. (*a*)

#### *Ejectment.—Limitation.*

A decision of the Board of Property was pronounced, upon a *caveat*, in favor of the defendant, on the 14th of February 1796: a declaration, entitled as of April term 1796, was served by a private individual on the defendant, on the 10th of August 1796; and it was entered on the docket of the supreme court, on the 20th of that month; but contrary to expectation, the court had risen on the preceding day, which, of course, then ended the term: *Held*, that the ejectment was well brought, within the six months allowed by the act of 1792.

THIS cause had been decided by the board of property, in favor of the defendant, upon a *caveat* respecting land in Northumberland county, on the 14th of February 1796; but the patent was stayed for six months, within which time, the party is allowed, by the act of assembly, to enter his suit at common law, in the nature of an appeal. (Act 3d April 1792, § 11, 3 Sm. Laws, 74.) For that purpose, a declaration in ejectment was framed, entitled as of April term 1796; it was served by a private hand (not the sheriff), on the defendant, in Philadelphia, on the 10th of August 1796; and it was entered on the docket of the supreme court, on Saturday, the 20th of August 1796 : but the court had risen (contrary to the usual practice, and the expectation of the bar) on the preceding day, when, of course, the term ended.

In April 1797, a rule was obtained, by the defendant, to show cause why the ejectment should not be stricken from the docket ; on the ground, that it was not entered, within the six months allowed by the act of assembly. And upon the argument in chief, at the present term, it was contended, that the cause was not in the possession of the court, until the process was returned (6 T. R. 617); that, in the case of the sheriff, the court might have called for a return, but not in the case of a special agent, employed by the plaintiff to execute a writ (4 T. R. 119); and that a service of the declaration in ejectment upon the defendant, is not an entry of the suit, within the terms or meaning of the law.

The *plaintiff's* counsel urged the injustice that would be done, by a mere matter of accident and surprise, if the rising of the court, a day earlier than the usage, should be the ground of quashing the present suit. They further insisted, that the service *of the declaration in ejectment upon the [*155 defendant, was a commencement of the suit within six months, according to the spirit and intention of the law ; that the declaration was the only process in ejectment (2 Sell. Pr. 164); that it might be served on the tenant himself, in any place ; though, if the service was on a wife or servant, it must be on the premises (2 Cromp. Pr. 165 ; Runn. Eject. 155); that the sheriffs of the several counties were now obliged by law, to serve declarations in ejectment (3 Dall. Laws, 170; § 10); that the return is the certificate of the sheriff, stating what has been done touching the execution of the writ (Compl. Sheriff, 144; Dalt. 162); and that the proceedings of a special bailiff,

---

(*a*) s. c. 2 Yeates 416, reported as Nicholson's Lessee *v.* Wallace.

being recognised by law, as a competent person to serve the process in eject-ment, must be as effectual as the proceedings of the sheriff.

After consideration, THE COURT were of opinion, that the ejectment was well brought, within the six months allowed by the act of assembly; and ordered that the rule to show cause be discharged.

Rule discharged.